■ JEANETTE ROSENFELD, Appellant, v. BANCO INTERNACIONAL, Respondent.— Order, entered on September 22, 1966, denying plaintiff's motion to strike the defendant's answer and the counterclaim contained therein on the grounds of legal insufficiency, unanimously reversed, on the law, with $50 costs and disbursements to appellant, motion granted, with $10 costs, and judgment directed for plaintiff. In this action, based upon unpaid drafts drawn under four irrevocable letters of credit issued by defendant bank, the defendant admitted issuance of the letters, the presentation by plaintiff's assignor of the shipping documents against which defendant accepted the drafts and its refusal to pay. The defendant's claim of estoppel, which is based upon its allegations that the shipping documents presented with the drafts contained false descriptions of the merchandise shipped, with the result that the goods were seized by the Argentinian government, does not state a defense, and the counterclaim to recover for a partial payment of one of the drafts made by defendant prior to seizure does not state a cause of action (*O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386). The defendant bank was under no obligation to ascertain whether the goods conformed to the contract between the buyer and seller, and was concerned only with the drafts and documents accompanying them. " If the drafts, when presented, were accompanied by the proper documents, then it was absolutely bound to make the payment under the letter of credit * * * It has never been held * * * that a bank has the right or is under an obligation to see that the description of the merchandise contained in the documents presented is correct. A provision giving it such right, or imposing such obligation might, of course, be provided for in the letter of credit. The letter under consideration contains no such provision." (*O'Meara Co.* v. *National Park Bank, supra,* pp. 396, 397). Nor is such provision contained in the letters presently before this court. As in the above case " The documents presented were sufficient." (See, also, 4 Williston, Contracts [rev. ed.], § 1011E, p. 2785.) Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Staley, Jr., JJ.